SEYFARTH SHAW LLP
Jeffrey A. Wortman (SBN 180781)
jwortman@seyfarth.com
333 S. Hope Street, Suite 3900
Los Angeles, California 90071
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
David Rosenberg (SBN 292094)
drosenberg@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.
(erroneously named and sued as J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALINE FARAH an Individual,

Plaintiff,

v.

J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES INC., a New York corporation; and DOES 1 through 25, Inclusive,

Defendants.

Case No. 2:14-cv-07271-AB-PLA

Hon. André Birotte Jr.

**DECLARATION OF MICHELE COX IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO COMPEL ARBITRATION AND STAY ACTION**

[Notice of Motion and Motion to Compel Arbitration; Declaration of Jonathan L. Brophy; Request for Judicial Notice; and [Proposed] Order filed concurrently herewith]

Date: January 26, 2015
Time: 10:00 a.m.
Ctrm.: 790

Complaint Filed: July 31, 2014

**DECLARATION OF MICHELE COX**

I, Michele Cox, declare as follows:

1. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would do so competently.

2. I am currently employed by Defendant JPMorgan Chase Bank, N.A. (erroneously named and sued as J.P. Morgan Chase National Corporate Services Inc.) ("Chase Bank") as an HR Business Partner – Manager I for the Consumer Banking Los Angeles South and San Diego Markets. I make this declaration in support of Chase Bank's Motion to Compel Arbitration and Stay Action.

3. As an HR Business Partner – Manager I for Chase Bank, I have access to official Chase Bank personnel information and files in the course of my ordinary duties. I am also responsible for administering and implementing certain Human Resources policies. I have requested and reviewed certain information within the personnel file of Plaintiff Aline Farah ("Plaintiff").

4. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Binding Arbitration Agreement, signed by Plaintiff on July 30, 2008.

5. Pursuant to its ordinary policies and business procedures, Chase Bank maintained a copy of Plaintiff's Binding Arbitration Agreement in Plaintiff's personnel file.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 17 day of December, 2014, at San Diego, California.

Michele Cox

Michele Cox

# Exhibit A

Z263584

Washington Mutual

# Binding Arbitration Agreement

Washington Mutual believes that, if a dispute related to your employment here arises, it is preferable for both you and the Company that it be resolved without resorting to litigation. As part of its internal Dispute Resolution Program, which is available to all employees, the Company and its employees mutually agree that any disputes that cannot be resolved internally will go to binding arbitration, because it is a quicker and less disruptive process than litigation.

I, Aline D. Farah, in consideration of my employment with Washington Mutual, Inc. or any of its affiliates or subsidiaries ("Washington Mutual") agree with Washington Mutual as follows:

1. Any and all disputes that involve or relate in any way to my employment (or termination of employment) with Washington Mutual shall be submitted to and resolved by final and binding arbitration.

2. Washington Mutual and I understand that by entering into this Agreement, each of us is waiving any right we may have to file a lawsuit or other civil action or proceeding relating to my employment with Washington Mutual, and waiving any right we may have to resolve employment disputes through trial by jury. We agree that arbitration shall be in lieu of any and all lawsuits or other civil legal proceedings relating to my employment.

3. This Agreement is intended to cover all civil claims that involve or relate in any way to my employment (or termination of employment) with Washington Mutual, including, but not limited to, claims of employment discrimination or harassment on the basis of race, sex, age, religion, color, national origin, sexual orientation, disability and veteran status (including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Fair Labor Standards Act, the Immigration Reform and Control Act, and any other local, state or federal law concerning employment or employment discrimination), claims for breach of any contract or covenant, tort claims, claims based on violation of public policy or statute, and claims against individuals or entities employed by, acting on behalf of, or affiliated with Washington Mutual. The only exceptions to this are

- Claims for benefits under a plan that is governed by ERISA,
- Claims for unemployment and workers compensation benefits,
- Claims for injunctive relief to enforce rights to trade secrets, or agreements not to compete or solicit customers or employees.

4. I understand and agree that, despite anything in this Agreement to the contrary, I am not waiving the right to file a complaint or charge with any government agency authorized to address employment-related matters, including the Equal Employment Opportunity Commission, the Department of Labor, the Occupational Safety and Health Commission, the National Labor Relations Board, the Immigration and Naturalization Service, and any other comparable local, state, or federal agency. I also understand and agree that, despite anything in this Agreement to the contrary, either party may request a court to issue such temporary or interim relief (including temporary restraining orders and preliminary injunctions) as may be appropriate, either before or after arbitration is commenced. The temporary or interim relief may remain in effect pending the outcome of arbitration. No such request shall be a waiver of the right to submit any dispute to arbitration.

5. Arbitration under this Agreement shall be conducted before a single arbitrator and shall take place within the state where I am currently employed by Washington Mutual, or where I was so employed at the time of termination.

6. In order to initiate arbitration, Washington Mutual or I must notify the other party in writing of the decision to initiate arbitration, either by personal delivery or certified mail. The statute of limitations otherwise applicable under law shall apply to the delivery of the notice of arbitration. The notice should include the following information about the employee: name, home address, work address, work and home phone numbers, and the following information about the claim(s): date, location, nature of the claims or dispute, facts upon which the claims are made, and remedy requested. Any notice of arbitration initiated by Washington Mutual shall be sent to my last known residence address as reflected in my personnel file at Washington Mutual. Notice of arbitration initiated by me shall be sent to Washington Mutual's Legal Department, attention Associate General Counsel - Litigation. The Legal Department's address is currently 1301 Second Avenue, WMC 3501, Seattle, WA 98101.

7. Washington Mutual and I will attempt to agree upon a mutually acceptable arbitrator. If Washington Mutual and I are unable to agree upon an arbitrator, we will submit the dispute to the American Arbitration Association ("AAA"). If AAA is unable or unwilling to accept the matter, we will submit the matter to a comparable arbitration service. The arbitration shall be conducted in accordance with the laws of the state in which the arbitration is conducted and the rules and requirements of the arbitration service being utilized, to the extent that such rules and requirements do not conflict with the terms of this Agreement.

8. At the request of either Washington Mutual or myself, the arbitrator will schedule a pre-hearing conference to, among other things, agree on procedural matters, obtain stipulations, and attempt to narrow the issues. The arbitrator shall have authority to entertain a motion to dismiss and/or a motion for summary adjudication by any party.

*Continued on next page*

## Binding Arbitration, continued

9. Either party shall be entitled to conduct a limited amount of discovery prior to the arbitration hearing. Either party may make a request for production of documents from the other party. Either party may take a maximum of two (2) depositions. Either party may apply to the arbitrator for further discovery or to limit discovery. The arbitrator has the discretion to enter an appropriate order upon a showing of sufficient cause. If any documents requested or to be produced contain or refer to matters that are private, proprietary and/or confidential, the arbitrator shall make an appropriate protective order prohibiting or limiting use and disclosure of such documents and providing for return of documents produced after the arbitration is concluded.

10. During the arbitration process, Washington Mutual and I may each make a written demand on the other for a list of witnesses, including experts, to be called and/or copies of documents to be introduced at the hearing. The demand must be served at least forty-five (45) days prior to the hearing. The list and copies of documents must be delivered within fifteen (15) days of service of the demand.

11. Either party may file a pre-hearing brief with the arbitrator. Each brief must be served on the arbitrator and the other party at least five (5) working days prior to the hearing and, if not timely served, must be disregarded by the arbitrator. The brief shall specify the facts the party intends to prove, analyze the applicable law or policy, and specify the remedy sought. At the close of the hearing, each party shall be given leave to file a post-hearing brief. The time for filing the post-hearing brief shall be set by the arbitrator.

12. Each party, at its own expense, has the right to hire an attorney to represent it in the arbitration. All parties shall have the right to present evidence at the arbitration, through testimony and documents, and to cross-examine witnesses called by another party. Each party shall pay the fees of any witnesses testifying at its request, and pay the cost of any stenographic record of the arbitration hearing should it request such a record. The requesting party must notify the other of such arrangements at least two (2) working days before the hearing.

13. Any filing fee will be paid by the party initiating arbitration. To the extent such a fee exceeds the cost of filing a lawsuit in a court of that jurisdiction, Washington Mutual will reimburse the difference. Any postponement or cancellation fee imposed by the arbitration service will be paid by the party requesting the postponement or cancellation. During the time the arbitration proceedings are ongoing, Washington Mutual will advance any required administrative or arbitrator's fees. Each party will pay its own witness fees.

14. The arbitrator shall issue a written and signed statement of the basis of his or her decision, including findings of fact and conclusions of law. In making the decision and award, if any, the arbitrator shall apply applicable substantive law. The arbitrator may only award any remedy that would have been available in court. The decision and award, if any, shall be consistent with the terms of this Agreement and shall include an allocation of the costs of the arbitration proceeding between the parties.

15. Each party agrees to promptly pay any arbitration award against it at the conclusion of the arbitration. Washington Mutual and I agree that the decision of the arbitrator shall be final and binding on all parties and shall be the exclusive remedy of the parties.

16. This Agreement may be enforced by a court of competent jurisdiction through the filing of a petition to compel arbitration, or otherwise. The decision and award of the arbitrator may also be judicially enforced pursuant to applicable law.

17. Because of the interstate nature of Washington Mutual's business, this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. §1 et seq. (the "FAA"). The provisions of the FAA (and to the extent not preempted by the FAA, the provisions of the law of the state of my principal place of employment with Washington Mutual that generally apply to commercial arbitration agreements, such as provisions granting stays of court actions pending arbitration) are incorporated into this Agreement to the extent not inconsistent with the other terms of this agreement.

18. I understand and agree that nothing in this agreement shall limit or modify the at-will nature of my employment relationship with Washington Mutual or require any particular action or procedures prior to termination of employment.

19. We agree that if any provision of this Agreement is found to be unenforceable to any extent or in violation of any statute, rule, regulation or common law, it will not affect the enforceability of the remaining provisions and the court shall enforce the affected provision and all remaining provisions to the fullest extent permitted by law.

20. This Agreement cannot be modified except by an amendment in writing, signed by both parties.

21. By presenting this Agreement to me, Washington Mutual agrees to be bound by its terms. By signing below, I agree to be bound by its terms. This Agreement shall remain in full force and effect at all times during and after my employment with Washington Mutual, or any successor in interest to Washington Mutual.

| | | |
|---|---|---|
| Employee ID: 2 6 3 5 8 4 | Last four of SSN: 0 4 8 0 | |
| Printed name<br>Aline D. Farah | Signature<br>[signature] | Date<br>07/30/2008 |

3365 (12/07)

*Fax all pages of the completed form to: (866) 240-1342 and give your manager the original to place in the Field Employment File.*